PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2002 Ford Thunderbird struck loose pieces of asphalt on 1-64 East in Institute, Kanawha County. The claimant lost control of the vehicle, and the vehicle was totaled in this incident. 1-64 is a public road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below. The incident giving rise to this claim occurred between 6:15 a.m. and 6:30 a.m. on August 18,2006. There are three eastbound lanes on 1-64, and the speed limit is seventy miles per hour. At the time of the incident, claimant testified that she was traveling to work at CAMC Memorial Hospital, and she was proceeding in the left lane. As she was driving at a speed of between sixty-five and seventy miles per hour, she noticed that there was a lot of asphalt on the road. The tires on her vehicle started skidding, and she lost control of the vehicle. The vehicle crossed into the median and rolled two or three times before it came to rest on the berm. Although claimant stated that there were road construction signs in this area, she did not notice any signs warning drivers to reduce their speed. She stated that it appeared as though respondent was grading the road before placing new asphalt in this area. The gravel was placed on the road to cover the ridges that were left from the grading activity. Claimant stated that when this incident occurred, she had been driving on this road for twelve years. Claimant’s vehicle was totaled as a result of this incident. Claimant seeks to recover her insurance deductible in the amount of $5 00.00 and work loss (for fourteen hours of work at a rate of $32.24 per hour) in the amount of $451.36.
The position of the respondent is that it did not have actual or constructive notice of the condition on 1-64. Respondent did not present a witness at the hearing.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and areasonable time to take corrective action. Chapman v. Dep ’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the loose pieces of asphalt which claimant’s vehicle struck and that this condition presented a hazard to the traveling public. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle. In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $951.36.
Award of $951.36.